OPINION
{¶ 1} John Poley was found guilty after a bench trial of violating Centerville Municipal Code § 434.03(a), the city's assured clear distance ordinance. The trial court imposed a fine of $100 and court costs.
 {¶ 2} Poley appeals, but advances no assignments of error. Rather, he contends that the trial court should have, but did not, engage in a proximate cause analysis. Poley implies that had the *Page 2 
court done so, it would have concluded that Eve Halkias, the driver of the car he rear-ended, caused the collision and therefore should have found him not guilty.
 {¶ 3} The court found Poley guilty without explanation.
 I. {¶ 4} Halkias testified that on June 25, 2005, she was northbound on S.R. 48 in the vicinity of its intersection with I-675 when she was struck from the rear as she slowed to a stop because of heavy traffic. She said she did not make a sudden stop.
 {¶ 5} Centerville Police Officer Bill Cole testified that he was dispatched to the accident scene at 3:16 p.m. and that he interviewed Halkias and Poley. According to Cole, Poley said he was northbound on S.R. 48 in the lefthand lane when he came upon Halkias' car which was stopped for no apparent reason because there was no traffic ahead of her. Halkias told Officer Cole she was stopped in the lefthand lane because of traffic. Cole stated that Poley's car left skid marks and the undercarriage of Poley's car gouged the roadway which indicated he braked from a "good rate of speed." He found Halkias' brake lights to be working.
 {¶ 6} Poley testified that he was northbound in the lefthand lane when he came upon Halkias' car in front of him. He said that it was "fairly sudden" that he saw Halkias' car, that it "appeared to be almost not moving," and that "(t)here was no brake. There was no hand signal. . . ." He hit his brakes and struck Halkias' car in the rear. When he exited his car and approached Halkias, she apologized and said she was lost.
 II. {¶ 7} It is apparent that the accounts of the accident given by Halkias and Poley differ significantly. Poley's appellate argument is wholly dependent upon his version of how the accident *Page 3 
occurred.
 {¶ 8} § 434.03(a) of the Centerville Code proscribes driving "at a greater speed than will permit (the driver) to . . . stop within the assured clear distance ahead."
 {¶ 9} Halkias' account clearly established an assured clear distance violation by Poley and we presume, in the absence of any contrary indication, that the trial court credited her account over Poley's, as was its prerogative.
 {¶ 10} Even had the trial court credited Poley's account, the finding would have been no different (although the penalty imposed may well have been less severe.)
 {¶ 11} In City of Riverside v. Kline (June 7, 1996), Montgomery App. No. 15543, we considered a situation where it was more apparent than in this case that the driver of the forward vehicle was partly at fault in causing the collision. In affirming the finding of guilty of an assured clear distance violation, we stated (as Poley appears to concede here) that assured clear distance laws define a strict liability offense and principles of comparative negligence play no role in determining whether an assured clear distance violation has been committed. We noted that the trial court appeared to have considered the comparative fault of the two drivers in declining to impose a fine and suspending costs.
 {¶ 12} Here, even Poley's account puts Halkias' car in front of his car in the northbound lefthand lane of S.R. 48 prior to the rear-end collision. Controlling case law makes the subsequent rear-end collision an assured clear distance violation.
 III. {¶ 13} The judgment will be affirmed. *Page 4 
 BROGAN, J. and FAIN, J., concur. *Page 1